Salvador RODRIGUEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 59260.

Court of Criminal Appeals of Texas,
Panel No. 2.

March 21, 1979.

Richard M. Lovelace, El Paso, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and ODOM, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for evading arrest. V.T.C.A., Penal Code Sec. 38.04. After a bench trial punishment was assessed at 30 days in jail, and appellant was put on probation for six months.

Appellant contends that his detention and arrest were unlawful and that the evidence is therefore insufficient to support the conviction.

In *Alejos v. State*, Tex.Cr.App., 555 S.W.2d 444, 448, we listed the elements of evading arrest:

(1) a person
(2) intentionally flees
(3) from a peace officer
(4) with knowledge he is a peace officer
(5) peace officer is attempting to arrest defendant
(6) the attempted arrest is lawful.

Specifically, appellant challenges the sufficiency of the evidence to prove the sixth element above.

The facts show that appellant was walking along a street in downtown El Paso in the middle of the morning when officer McClure of the El Paso Police Department drove by in a marked police car going the other direction. After McClure passed appellant, he looked in his rear view mirror and saw appellant glance over his shoulder in the direction of the police car. McClure considered this conduct suspicious and returned to detain appellant for further in-

vestigation. We can stop our examination of the facts at this point because if there are not sufficient grounds for the temporary detention, the subsequent arrest would be tainted and therefore unlawful.

In *Ceniceros v. State,* Tex.Cr.App., 551 S.W.2d 50, a similar situation was presented. In that case four persons standing on a street corner in the middle of the morning were approached by a police officer for investigative purposes to secure information and see if they had "any business in the area." It was pointed out that a temporary detention must be based on specific reasonable inferences that the officer is entitled to draw from the facts in light of his experience. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. We held there was no such lawful basis for the investigative action. Likewise in this case, there was no lawful basis for the investigative action. Stopping a pedestrian solely because he looks over his shoulder in the direction of a police car is unreasonable under the Fourth Amendment to the United States Constitution and under Article 1, Section 9 of the Constitution of Texas. Any subsequent arrest arising out of the unlawful detention would likewise be unlawful, and therefore the evidence is insufficient to prove the lawful arrest element of the evading arrest conviction.

The conviction is set aside and the judgment is reformed to show an acquittal.