**Jesus C. GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 3–82–192–CR(T).

Court of Appeals of Texas, Austin.

April 6, 1983.

Louis A. Perez, Jr., Berta Perez Linton, Perez & Linton, San Angelo, (retained), for appellant.

T.P. Robinson, Jr., County Atty., Eldorado, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

PHILLIPS, Chief Justice.

Appellant Jesus C. Garcia appeals the judgment of the County Court of Schleicher County, Texas, convicting appellant of the offense of "evading arrest." The court assessed punishment of a fine of $175 and confinement in the county jail for 180 days which time was probated for six months.

At approximately 6:20 p.m. on November 25, 1978, appellant was observed "travelling at a high rate of speed and . . . passing cars . . . coming up sort of in a wreckless [sic] manner" in Eldorado, Texas, by a Schleicher County deputy sheriff. Appellant was subsequently charged with reckless driving, speeding, failure to observe stop signs, resisting arrest, and fleeing from a peace officer.

Appellant, by one ground of error, challenges the information upon which he was convicted. Appellant contends that the tri-

al court erred in overruling his motion to quash the information since the information is defective for its failure to allege that the arrest, from which appellant was fleeing, was lawful. We agree.[1]

Texas Pen.Code Ann. § 38.04 (1974) states:

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him.

(b) *It is an exception to the application of this section that the attempted arrest is unlawful.*[2]

(c) An offense under this section is a Class B misdemeanor.

Accordingly, the Court of Criminal Appeals has stated that the elements of this offense are that (1) a person, (2) intentionally flees, (3) from a peace officer, (4) with knowledge that he is a peace officer, (5) who is attempting to arrest the defendant, and (6) *the attempted arrest is lawful. Rodriguez v. State,* 578 S.W.2d 419 (Tex.Cr.App.1979); *Alejos v. State,* 555 S.W.2d 444 (Tex.Cr. App.1977).

The practice commentary to § 38.04 states, in relevant part:

The exception in Subsection (b) provides that flight from a unlawful arrest is not an offense . . . . *The effect of the exception is that the State must allege and prove the attempted arrest lawful.*

The explanatory comment of 3 Branch, Texas Annotated Penal Code, § 38.04, at p. 116 (3rd. ed. 1972) states:

Subsection (b) provides that it is an exception if the attempted arrest is unlawful. *The prosecution must, therefore, plead and prove that the attempted arrest was lawful.*

See *Alejos v. State, supra* at 448.

Texas Pen.Code Ann. § 2.02 (1974) states:

(a) An exception to an offense in this code is so labelled by the phrase: "It is an exception to the application of . . . ."

---

1. The information from which the State brought appellant to trial, and which was challenged by appellant's motion to quash, in vital part stated:

Jesus C. Garcia . . . did then and there intentionally flee from a person he knew was a peace officer attempting to arrest him . . . .

2. All emphasis added is this Court's.

(b) *The prosecuting attorney must negate the existence in the accusation charging the commission of the offense* and prove beyond a reasonable doubt that the defendant or the defendant's conduct does not fall within the exception.

Accordingly, since the fact that the arrest from which the accused citizen flees is lawful is an essential element of the offense; and consequently, if the arrest is not lawful, it is a statutory exception to the offense; and since, the State has the obligation to negate all exceptions to an offense in its pleadings; and since, the State has failed to allege that the arrest was lawful or otherwise negate the exception to the offense created by § 38.04(b), we must reverse the judgment below and order the prosecution against appellant dismissed. *Hazkell v. State,* 616 S.W.2d 204 (Tex.Cr. App.1981).

The judgment below is reversed and the prosecution ordered dismissed.

Reversed and Prosecution Dismissed.