TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00031-CR






Terrance Brown, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 487726, HONORABLE DAVID CRAIN, JUDGE PRESIDING






 Appellant Terrance Brown was charged with the offense of evading detention by
a peace officer. See Tex. Penal Code Ann. § 38.04(a) (West 1994). After a bench trial, appellant
was found guilty and sentenced to ninety days in jail. In four points of error, appellant challenges
the legal and factual sufficiency of the evidence and contends that the trial court abused its
discretion by admitting hearsay evidence as to his identity. We will affirm the trial-court
judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 On the morning of September 24, 1997, Officer Robert Jones of the Austin Police
Department was patrolling in south Austin in a fully marked police car. As he drove down Palo
Pinto Street, he noticed that the driver and passenger in a Buick approaching from the opposite
direction were not wearing their seat belts. He subsequently turned his car around and activated
his overhead lights and siren. According to Officer Jones's testimony, the driver and passenger
"turned towards [him] . . . and dropped their mouths open with their eyes wide." As Officer
Jones began pursuit, the Buick sped up and ran through a stop sign, then turned onto a
neighborhood street. Officer Jones testified that both occupants "bailed out" of the moving car,
leaving it to continue rolling down the street until it jumped the curb and hit a tree. As the driver
and passenger were running away, Officer Jones shouted from his car for them to stop. Both
occupants paused momentarily and stared at Officer Jones, but then continued fleeing. Shortly
thereafter, Officer Jones found the driver hiding in a shed and arrested him. (1) A few days later,
Officer Jones determined the passenger's identity, filed an affidavit establishing probable cause
for the passenger's arrest, and obtained a warrant. He then arrested appellant for the offense of
evading detention.

 At trial, the prosecutor asked Officer Jones how he identified appellant as the
passenger who fled. Officer Jones stated that he originally did not know who the passenger was;
when the prosecutor asked Officer Jones how he subsequently discovered the passenger was
Terrance Brown, Officer Jones began to relate what the driver said at the time of his arrest. 
Appellant's counsel successfully objected to this testimony on hearsay grounds. However, the trial
court overruled appellant's objection to Officer Jones's subsequent testimony that he recognized
appellant as the passenger from a photograph on file in the police records. Officer Jones testified
that he used this identification to obtain a warrant for appellant's arrest. The trial court found
appellant guilty and sentenced him to ninety days' incarceration.

 In his first two issues, appellant contends that the evidence proving he knew that
the officer was trying to detain him is legally and factually insufficient. Appellant argues in his
third issue that the evidence showing that he was the passenger in the car is factually insufficient. 
In his last issue, appellant contends that the trial court abused its discretion by admitting hearsay
evidence as to his identity.

DISCUSSION

 The elements of the offense of evading detention by a peace officer are that (1) a
person, (2) intentionally flees, (3) from a peace officer, (4) with knowledge that he is a peace
officer, (5) who is attempting to arrest or detain the person, and (6) that the attempted arrest is
lawful. See Garcia v. State, 649 S.W.2d 163, 164 (Tex. App.--Austin 1983, no pet.) (citing
Rodriguez v. State, 578 S.W.2d 419 (Tex. Crim. App. 1979)).

 Appellant first argues that the evidence is legally insufficient to prove that he knew
Officer Jones was attempting to detain him. The standard for reviewing the legal sufficiency of
evidence to support a criminal conviction is "whether, after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 320 (1979); see also
Malik v. State, 953 S.W.2d 234, 236-37 (Tex. Crim. App. 1997). Appellant argues that there is
no evidence that he actually heard the officer order him to stop. However, knowledge may be
proven by circumstantial evidence, which is to be treated with the same dignity as direct evidence. 
See Rogers v. State, 832 S.W.2d 442, 444 (Tex. App.--Austin 1992, no pet.). Appellant's
knowledge of Officer Jones' attempt to detain him and the driver was shown by the officer's
testimony that (1) the driver and the passenger stared at him with wide-eyed expressions upon
seeing him, (2) the driver accelerated and ran a stop sign after the officer activated his lights and
siren, and (3) appellant ran away after abandoning the moving car. Cf. Pyles v. State, 755 S.W.2d
98, 109 (Tex. Crim. App. 1988) (factors such as furtive movements, flight at approach of law
officers, place where suspect found, and presence on public street instead of in private residence
are strong indicia of suspect's mens rea). Viewing the evidence in the light most favorable to the
prosecution, a rational trier could have found beyond a reasonable doubt that appellant knew
Officer Jones was a peace officer attempting to detain him. We overrule appellant's first issue.

 Next, appellant argues that the evidence is factually insufficient to prove (1) that
he knew the officer was attempting to detain him, and (2) that he was the passenger in the car. 
The standard of review for factual sufficiency requires the court to review the evidence weighed
by the trier of fact that tends to prove the existence of the elemental fact in dispute and compares
it to the evidence that tends to disprove that fact. See Jones v. State, 944 S.W.2d 642, 647 (Tex.
Crim. App. 1996). Officer Jones testified that his car windows were down when he shouted for
appellant and the driver to stop. Appellant provided no contrary evidence that he did not hear
Officer Jones's request to stop or that he did not know that Officer Jones was attempting to detain
him. (2) We overrule appellant's second issue.

 Appellant also argues that there is insufficient evidence to prove that he was the
passenger in the Buick. The State responds that the identity of appellant as the passenger is not
an element of the offense to be proven. To the extent that appellant's argument only challenges
the evidence of his identity as the passenger, we agree. However, a liberal reading of appellant's
argument makes clear that appellant is challenging the evidence of his identification as the person
who committed the offense of evasion, not his identity as the passenger. Although Officer Jones
first described appellant in his report simply as a black man with short black hair, he testified
during direct examination that he recognized appellant in a photograph contained in police records. 
Officer Jones also identified appellant in the courtroom as the passenger who looked at him and
fled. This evidence is factually sufficient to show that appellant was the passenger who evaded
detention. We overrule appellant's third issue.

 In his final issue, appellant complains of improperly admitted "back-door" hearsay. 
At trial, Officer Jones began to relate the driver's post-arrest statement identifying appellant as the
passenger. Appellant objected on hearsay grounds, and the trial court upheld the objection. The
prosecutor then asked Officer Jones, "[b]ased on your investigation of who the passenger was,
what did you do?" Defense counsel then objected to "back-door" hearsay, but the trial court
overruled the objection and allowed Officer Jones to testify that he "pulled a photo ID of Mr.
Brown" and identified him as the passenger.

 Hearsay is a statement, other than one made by the declarant while testifying at the
trial or hearing, offered in evidence to prove the truth of the matter asserted. Tex. R. Evid.
801(d). As authority for his "back-door" hearsay argument, appellant cites to Comment (2)
following Texas Rule of Criminal Evidence 801. (3) This comment defines the following as included
within the scope of the hearsay rule: "A verbal (oral or written) explicit assertion, not offered to
prove the matter explicitly asserted, but offered for the truth of a matter implied by the statement,
the probative value of the statement flowing from declarant's belief as to the matter." Tex. R.
Crim. Evid. 801(d), cmt. 2. The trial court properly sustained appellant's hearsay objection when
Officer Jones began to relate the driver's statement identifying the passenger as appellant. 
However, the testimony to which appellant unsuccessfully objected was that of Officer Jones
describing his own act of recognizing appellant in a police photograph. Since Officer Jones did
not relate any out-of-court statements or verbal assertions, his testimony was not hearsay as
defined in either Rule 801(d) or Comment (2). The trial court did not abuse its discretion by
overruling appellant's "back-door" hearsay objection. Appellant's fourth issue is overruled.


CONCLUSION

 The record contains legally and factually sufficient evidence proving appellant's
knowledge that Officer Jones was attempting to detain him, and there is factually sufficient
evidence proving appellant's identity. We also conclude that the trial court did not abuse its
discretion by admitting Officer Jones's testimony that he identified appellant from a police
photograph because this testimony was not hearsay. We therefore affirm the trial court's
judgment.



 

 Bea Ann Smith, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: May 6, 1999

Do Not Publish
1. The driver was later charged with several offenses, including auto theft and evading arrest.
2. Appellant suggests in his brief that it would be impossible to "hear someone speaking to him
from inside a closed vehicle thirty feet away" (emphasis added). However, in response to being
asked if he saw appellant "through the car window," Officer Jones responded: "The windows
were down, sir." There was no testimony that the windows of either Officer Jones's car or the
Buick were closed. A rational trier of fact could infer from the above statement, in conjunction
with Officer Jones's testimony that he shouted at appellant and the driver to stop, that the officer's
car window was open.
3. The new Texas Rules of Evidence do not contain the "Notes and Comments" section that
followed Rule 801 of the Rules of Criminal Evidence. The unified evidence rules apply to all
proceedings on or after March 1, 1998; appellant's trial was held on January 5, 1998. Appellant
is therefore entitled to rely on the comments to the old rules for whatever value they may have.
Because the text of both versions of Rule 801(d) is identical, we have cited the new rule for
convenience.



ho committed the offense of evasion, not his identity as the passenger. Although Officer Jones
first described appellant in his report simply as a black man with short black hair, he testified
during direct examination that he recognized appellant in a photograph contained in police records. 
Officer Jones also identified appellant in the courtroom as the passenger who looked at him and
fled. This evidence is factually sufficient to show that appellant was the passenger who evaded
detention. We overrule appellant's third issue.

 In his final issue, appellant complains of improperly admitted "back-door" hearsay. 
At trial, Officer Jones began to relate the driver's post-arrest statement identifying appellant as the
passenger. Appellant objected on hearsay grounds, and the trial court upheld the objection. The
prosecutor then asked Officer Jones, "[b]ased on your investigation of who the passenger was,
what did you do?" Defense counsel then objected to "back-door" hearsay, but the trial court
overruled the objection and allowed Officer Jones to testify that he "pulled a photo ID o