JIMENEZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-092-CR

WILLIAM COLON JIMENEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

------------

OPINION

------------

William Colon Jimenez appeals from his conviction by a jury for the offense of evading arrest or detention.  
See
 
Tex. Penal Code Ann.
 § 38.04 (Vernon 2003).  In one issue, appellant argues that there is no evidence to show that he knew Officer Feagins was a police officer attempting to arrest or detain him.  We affirm.

Facts

At around 4:00 a.m. on April 13, 2003, Officer Robert Feagins arrived at the Arbor Creek apartments in Lewisville to investigate a suspicious circumstance involving two cars parked in the parking lot.  Officer Feagins parked his patrol car in front of the cars, which were unoccupied, and noticed several car stereos lying in the backseat of one of the cars.  Officer Feagins then noticed appellant and another man walking in a creek bed that separated the apartments from an adjacent apartment complex.  Both men appeared to be carrying objects.  When the men turned a corner in the creek bed and were able to see Officer Feagins’s patrol car, they dropped the objects and ran.  Officer Feagins later apprehended appellant as he was hiding behind a nearby dumpster. 

Issues

Appellant argues that there is no evidence to show that he knew Officer Feagins was a police officer attempting to arrest or detain him.  Appellant asks this court to set aside his conviction and grant him a new trial.  Appellant does not specify whether he is requesting a legal or factual sufficiency review, but his appeal contains language consistent with both standards.  Therefore, we will construe his appeal as encompassing both legal and factual sufficiency complaints.  
See 
Tex. R. App. P.
 38.9;
 Bowen v. State
, 117 S.W.3d 291, 298 (Tex. App.སྭFort Worth 2003, pet. granted).

Legal and Factual Sufficiency Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481(Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85. “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Analysis

The offense of evading arrest or detention consists of the following elements:  1) a person, 2) intentionally flees, 3) from a peace officer, 4) with knowledge he is a peace officer, 5) who is attempting to arrest defendant, and 6) the attempted arrest is lawful. 
 
Tex. Penal Code Ann.
 § 38.04; 
Rodriguez v. State
, 578 S.W.2d 419, 419 (Tex. Crim. App. 1979).   

Officer Feagins testified that on April 13, 2003, he was dispatched to investigate a suspicious circumstance involving two cars parked in the parking lot of the Arbor Creek apartments.  That night, he was driving his patrol car and was dressed in his police uniform.  After parking his patrol car in front of the two cars to block them in, he noticed several car stereos lying in the backseat of one of the cars.  He then saw appellant and another man walking in a creek bed and carrying objects.  Appellant was wearing dark pants, a white shirt, and a white hat.  The other man was wearing dark clothing.  When the men turned a corner in the creek bed and were approximately forty feet from Officer Feagins and able to see his patrol car, they dropped the objects and ran toward the Brighton Place apartments, an apartment complex across the creek from the Arbor Creek apartments.  Officer Feagins lost sight of the men as he chased them through the Brighton Place apartments.  

Sergeant Daniel Keith Coltrain, an officer who had arrived on the scene as backup, testified that he spotted appellant as appellant was doubling back toward Officer Feagins.  Sergeant Coltrain, who also was dressed in his uniform and driving his patrol car, testified that he made eye contact with appellant after which appellant ran between some buildings.  Sergeant Coltrain radioed Officer Feagins to inform him that appellant was headed back in his direction.  Officer Feagins reacquired sight of appellant as he was running toward a dumpster and arrested him as he was hiding behind it.  

As the fact finder, the jury could choose to believe or disbelieve all or any portion of either witness’s testimony.  
See Sharp v. State
, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986), 
cert. denied
, 488 U.S. 872 (1988).  The jury was entitled to believe that appellant was walking in a creek bed carrying something under his clothing on the night in question and that he dropped what he was carrying and ran when he turned a corner in the creek bed and could see Officer Feagins’s patrol car.  Further, the jury could believe that appellant ran after he made eye contact with Sergeant Coltrain and that he later hid behind a dumpster.  Given these facts, and the fact that both officers were driving their patrol cars and were wearing their uniforms on the night in question, any rational jury could have reasonably inferred that appellant knew Officer Feagins was a police officer attempting to arrest or detain him.  Thus, viewing the evidence in the light most favorable to the jury’s verdict, we conclude that any rational jury could have found the elements of the offense of evading arrest or detention beyond a reasonable doubt.  We overrule appellant’s legal sufficiency challenge.  

Again, the jury could choose to believe or disbelieve all or any portion of  the officers’ testimony.  Moreover, appellant did little to contradict the testimonial evidence against him;  appellant presented no witnesses and did not introduce any physical evidence that would undermine the jury’s verdict.  From the circumstances, the jury could have reasonably inferred that appellant knew  Officer Feagins was a police officer attempting to arrest or detain him. Considering the evidence in a neutral light, we hold that the jury was rationally justified in finding appellant’s guilt beyond a reasonable doubt, and therefore  we overrule appellant’s factual sufficiency challenge.  We overrule appellant’s sole issue and affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 4, 2004