COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-092-CR
  
   
WILLIAM 
COLON JIMENEZ                                                     APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY
 
------------
 
OPINION
 
------------
        William 
Colon Jimenez appeals from his conviction by a jury for the offense of evading 
arrest or detention.  See Tex. 
Penal Code Ann. § 38.04 (Vernon 2003).  In one issue, appellant 
argues that there is no evidence to show that he knew Officer Feagins was a 
police officer attempting to arrest or detain him.  We affirm.
Facts
        At 
around 4:00 a.m. on April 13, 2003, Officer Robert Feagins arrived at the Arbor 
Creek apartments in Lewisville to investigate a suspicious circumstance 
involving two cars parked in the parking lot.  Officer Feagins parked his 
patrol car in front of the cars, which were unoccupied, and noticed several car 
stereos lying in the backseat of one of the cars. Officer Feagins then noticed 
appellant and another man walking in a creek bed that separated the apartments 
from an adjacent apartment complex.  Both men appeared to be carrying 
objects.  When the men turned a corner in the creek bed and were able to 
see Officer Feagins’s patrol car, they dropped the objects and ran.  
Officer Feagins later apprehended appellant as he was hiding behind a nearby 
dumpster.
Issues
        Appellant 
argues that there is no evidence to show that he knew Officer Feagins was a 
police officer attempting to arrest or detain him.  Appellant asks this 
court to set aside his conviction and grant him a new trial.  Appellant 
does not specify whether he is requesting a legal or factual sufficiency review, 
but his appeal contains language consistent with both standards.  
Therefore, we will construe his appeal as encompassing both legal and factual 
sufficiency complaints.  See Tex. 
R. App. P. 38.9; Bowen v. State, 117 S.W.3d 291, 298 (Tex. 
App.—Fort Worth 2003, pet. granted).
Legal and Factual Sufficiency Standards of Review
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 
S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to 
the responsibility of the trier of fact to resolve conflicts in the testimony, 
to weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts.  Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  
When performing a legal sufficiency review, we may not sit as a thirteenth 
juror, re-evaluating the weight and credibility of the evidence and, thus, 
substituting our judgment for that of the fact finder.  Dewberry v. 
State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 
U.S. 1131 (2000).
        In 
reviewing the factual sufficiency of the evidence to support a conviction, we 
are to view all the evidence in a neutral light, favoring neither party.  See 
Zuniga v. State, 144 S.W.3d 477, 481(Tex. Crim. App. 2004).  The only 
question to be answered in a factual sufficiency review is whether, considering 
the evidence in a neutral light, the fact finder was rationally justified in 
finding guilt beyond a reasonable doubt.  Id. at 484.  There 
are two ways evidence may be factually insufficient: (1) the evidence supporting 
the verdict or judgment, considered by itself, is too weak to support the 
finding of guilt beyond a reasonable doubt; or (2) when there is evidence both 
supporting and contradicting the verdict or judgment, weighing all of the 
evidence, the contrary evidence is so strong that guilt cannot be proven beyond 
a reasonable doubt.  Id. at 484-85.  “This standard 
acknowledges that evidence of guilt can ‘preponderate’ in favor of 
conviction but still be insufficient to prove the elements of the crime beyond a 
reasonable doubt.”  Id. at 485.  In other words, evidence 
supporting a guilty finding can outweigh the contrary proof but still be 
insufficient to prove the elements of an offense beyond a reasonable 
doubt.  Id.
        In 
performing a factual sufficiency review, we are to give deference to the fact 
finder’s determinations, including determinations involving the credibility 
and demeanor of witnesses.  Id. at 481; Cain v. State, 958 
S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment 
for that of the fact finder’s.  Zuniga, 144 S.W.3d at 482.  A 
proper factual sufficiency review requires an examination of all the evidence. Id. 
at 484, 486-87.  An opinion addressing factual sufficiency must include a 
discussion of the most important and relevant evidence that supports the 
appellant’s complaint on appeal.  Sims v. State, 99 S.W.3d 600, 
603 (Tex. Crim. App. 2003).
Analysis
        The 
offense of evading arrest or detention consists of the following elements: 1) a 
person, 2) intentionally flees, 3) from a peace officer, 4) with knowledge he is 
a peace officer, 5) who is attempting to arrest defendant, and 6) the attempted 
arrest is lawful. Tex. Penal Code Ann. § 38.04; Rodriguez 
v. State, 578 S.W.2d 419, 419 (Tex. Crim. App. 1979).
        Officer 
Feagins testified that on April 13, 2003, he was dispatched to investigate a 
suspicious circumstance involving two cars parked in the parking lot of the 
Arbor Creek apartments.  That night, he was driving his patrol car and was 
dressed in his police uniform.  After parking his patrol car in front of 
the two cars to block them in, he noticed several car stereos lying in the 
backseat of one of the cars.  He then saw appellant and another man walking 
in a creek bed and carrying objects.  Appellant was wearing dark pants, a 
white shirt, and a white hat.  The other man was wearing dark 
clothing.  When the men turned a corner in the creek bed and were 
approximately forty feet from Officer Feagins and able to see his patrol car, 
they dropped the objects and ran toward the Brighton Place apartments, an 
apartment complex across the creek from the Arbor Creek apartments.  
Officer Feagins lost sight of the men as he chased them through the Brighton 
Place apartments.
        Sergeant 
Daniel Keith Coltrain, an officer who had arrived on the scene as backup, 
testified that he spotted appellant as appellant was doubling back toward 
Officer Feagins.  Sergeant Coltrain, who also was dressed in his uniform 
and driving his patrol car, testified that he made eye contact with appellant 
after which appellant ran between some buildings.  Sergeant Coltrain 
radioed Officer Feagins to inform him that appellant was headed back in his 
direction.  Officer Feagins reacquired sight of appellant as he was running 
toward a dumpster and arrested him as he was hiding behind it.
        As 
the fact finder, the jury could choose to believe or disbelieve all or any 
portion of either witness’s testimony.  See Sharp v. State, 707 
S.W.2d 611, 614 (Tex. Crim. App. 1986), cert. denied, 488 U.S. 872 
(1988).  The jury was entitled to believe that appellant was walking in a 
creek bed carrying something under his clothing on the night in question and 
that he dropped what he was carrying and ran when he turned a corner in the 
creek bed and could see Officer Feagins’s patrol car.  Further, the jury 
could believe that appellant ran after he made eye contact with Sergeant 
Coltrain and that he later hid behind a dumpster.  Given these facts, and 
the fact that both officers were driving their patrol cars and were wearing 
their uniforms on the night in question, any rational jury could have reasonably 
inferred that appellant knew Officer Feagins was a police officer attempting to 
arrest or detain him.  Thus, viewing the evidence in the light most 
favorable to the jury’s verdict, we conclude that any rational jury could have 
found the elements of the offense of evading arrest or detention beyond a 
reasonable doubt.  We overrule appellant’s legal sufficiency challenge.
        Again, 
the jury could choose to believe or disbelieve all or any portion of the 
officers’ testimony.  Moreover, appellant did little to contradict the 
testimonial evidence against him; appellant presented no witnesses and did not 
introduce any physical evidence that would undermine the jury’s verdict.  
From the circumstances, the jury could have reasonably inferred that appellant 
knew Officer Feagins was a police officer attempting to arrest or detain 
him.  Considering the evidence in a neutral light, we hold that the jury 
was rationally justified in finding appellant’s guilt beyond a reasonable 
doubt, and therefore we overrule appellant’s factual sufficiency 
challenge.  We overrule appellant’s sole issue and affirm the trial 
court’s judgment.
   
   
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
     
 
PANEL 
B:   LIVINGSTON, HOLMAN, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
November 4, 2004