**Opinion filed October 30, 2020**



# In The

# Eleventh Court of Appeals

_____

## No. 11-18-00274-CR

_____

## THOMAS ANTHONY HUTCHINS JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR50724**

## M E M O R A N D U M   O P I N I O N

The jury convicted Thomas Anthony Hutchins Jr. of evading arrest with a motor vehicle. After Appellant pleaded "true" to an enhancement allegation for a prior felony offense, the jury assessed Appellant's punishment at confinement for a term of ten years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $2,500. In a single issue on appeal, Appellant challenges the sufficiency of the evidence supporting his conviction. We affirm.

*Background Facts*

On the evening of November 9, 2017, Midland Police Officer Arturo Garcia responded to a report of the theft of beer from a convenience store. After arriving at the store, Officer Garcia and his partner, Officer Renz, viewed surveillance footage that depicted the suspect and the suspect's vehicle. Although the footage was not clear enough for the officers to identify the suspect, the officers were able to identify the suspect's vehicle as a white Kia Rio.

Between 1:00 and 2:00 a.m. that same night, dispatch advised Officer Garcia and Officer Renz that someone had spotted a white Kia Rio in Midland. The officers drove to that location and noticed the Kia Rio traveling eastbound on Wall Street while the officers traveled westbound on Wall Street. The officers turned around, caught up to the Kia Rio, and attempted a routine traffic stop to determine whether the driver was involved in the beer theft from the convenience store.

The Kia Rio pulled over into a parking lot. As Officer Garcia approached the vehicle, he shined his flashlight into the vehicle and noticed a case of Bud Light beer in the backseat. At trial, Officer Garcia identified Appellant as the driver of the Kia Rio.

Before the officers could speak with Appellant, Appellant sped off in the direction of Odessa, traveling at about 100 miles per hour. The officers ran back to the patrol car and began to pursue the Kia Rio. The officers soon terminated the pursuit because it was a dangerous high-speed chase and the offense was minor. After terminating the pursuit, the officers contacted the Odessa Police Department about the Kia Rio that had evaded them. The Odessa Police Department located the Kia Rio the next day at the home of Appellant's wife.

*Analysis*

In a single issue, Appellant asserts that the State presented insufficient evidence to support a conviction for the offense of evading arrest with a motor vehicle. He contends that the evidence is insufficient because the State failed to prove that the police had a justifiable, reasonable suspicion to lawfully stop and detain Appellant.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d. 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

We measure the sufficiency of the evidence by the elements of the offense as defined in a hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* A person commits the offense of evading arrest if he intentionally flees from a person that he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him. TEX. PENAL CODE ANN. § 38.04(a) (West 2016). Appellant solely challenges the sufficiency of the evidence supporting the lawfulness of the officers' initial stop and attempted detention of Appellant. In this regard, the lawfulness of the attempted detention is an element of the offense. *Id.*; *see Rodriguez v. State*, 578 S.W.2d 419, 419 (Tex. Crim. App. 1979) (listing the elements of evading arrest, including that "the attempted arrest is lawful").

On appeal, the State contends that Appellant waived his complaint because he did not file a motion to suppress or object at trial to evidence of Officer Garcia's stop and attempted detention of Appellant. We disagree. Because the lawfulness of the attempted detention was an element of the offense, Appellant was not required to preserve error in the trial court. *See Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001) ("A claim regarding sufficiency of the evidence need not be preserved for review at the trial level and is not waived by the failure to do so."). We note that the question presented in this appeal was not a focus of the evidence at trial. In this regard, Appellant's trial counsel argued during closing argument that the case was "all about identity." He argued that the State failed to establish beyond a reasonable doubt that Appellant was the person that fled from Officer Garcia.

4

A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts. *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). Reasonable suspicion to detain a person exists if an officer has specific, articulable facts that, combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Wade v. State*, 422 S.W.3d 661, 668 (Tex. Crim. App. 2013).

> These facts must show unusual activity, some evidence that connects the detainee to the unusual activity, and some indication that the unusual activity is related to crime. . . . The test for reasonable suspicion is an objective one that focuses solely on whether an objective basis exists for the detention and disregards the officer's subjective intent.

*State v. Kerwick*, 393 S.W.3d 270, 273–74 (Tex. Crim. App. 2013) (footnotes omitted). "Each case involving an officer's stop must be evaluated objectively, under the totality of the circumstances, to determine whether the officer acted reasonably." *State v. Cortez*, 543 S.W.3d 198, 204 (Tex. Crim. App. 2018).

Ordinarily, the question of an officer's reasonable suspicion is determined by the trial court by ruling on a motion to suppress evidence. We would review that ruling de novo to determine whether the totality of circumstances was sufficient to support an officer's reasonable suspicion of criminal activity. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). But since this is a challenge to the sufficiency of the evidence supporting Appellant's conviction, the lawfulness of the detention was a matter that was determined by the jury, and we review the evidence presented at trial to determine if any rational trier of fact could have found that essential element of the offense beyond a reasonable doubt. *See Porter v. State*, 255 S.W.3d 234, 240 (Tex. App.—Waco 2008, pet. ref'd) (applying the *Jackson v.*

5

*Virginia* standard to the evidentiary review of the jury's determination of the lawfulness of an officer's detention).

As noted previously, under the *Jackson v. Virginia* standard, we are to view the evidence in the light most favorable to the verdict. *See Isassi*, 330 S.W.3d at 638. We defer to the jury's determination of credibility and its resolution of any conflicts in the evidence. *See Brooks*, 323 S.W.3d at 899; *Clayton*, 235 S.W.3d at 778. Applying these standards, we conclude that the jury could have determined that Officer Garcia had reasonable suspicion to detain Appellant.

Appellant contends that the facts in this case are analogous to those in *Martinez v. State*, 348 S.W.3d 919 (Tex. Crim. App. 2011). In *Martinez*, an anonymous caller reported that a male driving a blue Ford pickup stopped at an intersection and put two bicycles into the back of the pickup. 348 S.W.3d at 922. An officer in the vicinity of that intersection later stopped a vehicle that matched the description given to dispatch. *Id.* The Texas Court of Criminal Appeals concluded that the officer's stop of the vehicle was not supported by reasonable suspicion because the tip from an anonymous caller was uncorroborated and the reported activity of placing bicycles into the bed of a pickup was not necessarily related to criminal activity because there was no report of a theft. *Id.* at 924–25.

*Martinez* is distinguishable from the facts in this case for at least two reasons. First, the reported activity in this case was related to criminal activity because there was a report of theft. Second, the officers corroborated the information provided to them by reviewing the surveillance video of the theft and the car involved.

The totality of the circumstances as developed from the evidence offered at trial supports the jury's determination that the officers had a lawful basis for detaining Appellant. The officers corroborated that a theft had occurred, and they observed the vehicle involved in the theft on the surveillance video. Additionally,

6

they received a report later that night, around 1:40 a.m., that a vehicle matching the description had been located in Midland. Given the time of day and their observation of the vehicle, there was sufficient evidence for the jury to conclude that the officers had a reasonable suspicion that the driver of the white Kia Rio was connected to the earlier theft of beer from the convenience store. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

October 30, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.