IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-354-CR






WILLIAM J. ROGERS, JR.,



 APPELLANT



vs.






THE STATE OF TEXAS,



 APPELLEE




 




FROM THE COUNTY COURT AT LAW OF COMAL COUNTY



NO. 91CR-385, HONORABLE FRED CLARK, JUDGE PRESIDING



 






 Appeal is taken from a conviction for evading arrest. See Texas Penal Code Ann.
§ 38.04 (Supp. 1992). Trial was before the court on a plea of not guilty. Punishment was
assessed at thirty days' confinement, probated for six months, and a fine of five hundred dollars. 
In a single point of error, appellant asserts that the evidence is insufficient to sustain the
conviction. We overrule appellant's point of error and affirm the judgment of the trial court.

 Department of Public Safety trooper Gilbert Lozano testified that he was working
"moving radar" on Farm to Market Road 306 in Comal County around noon on March 2, 1991,
when he noticed a fast approaching motorcycle. The radar in the trooper's patrol car showed that
the approaching motorcycle was traveling at a speed of seventy-four miles per hour. Lozano was
in uniform and driving a marked patrol car. The posted speed limit on the road was fifty-five
miles per hour. Lozano activated his overhead emergency lights and rolled down his window
after bringing his vehicle to a stop on the shoulder of the road. When the motorcycle reached his
position, Lozano motioned to the driver of the motorcycle to pull over. Lozano related that the
driver of the motorcycle, later identified as the appellant, "looked at me where I was stationed on
the shoulder and then proceeded on eastbound . . . my audible hearing of the motor sounded like
he accelerated to actually take off at a faster speed." Lozano turned the patrol car, and in the two-to-three-mile pursuit that ensued, his radar showed that the motorcycle was traveling "in the
vicinity of about ninety-five miles an hour." The overhead lights and siren on the patrol car were
activated throughout the pursuit. Before appellant brought the motorcycle to a stop, Lozano
observed him pass two vehicles in no passing zones.

 Appellant urges that the evidence is insufficient because it fails to show: (1) that
the officer was attempting to arrest or detain him for the purpose of questioning or investigating
possible criminal activity; and (2) that appellant knew that he was going to be arrested or
investigated for such purposes. The offense of evading arrest or detention occurs if a person
"flees from a person he knows is a peace officer attempting to arrest him or detain him for the
purpose of questioning or investigating possible criminal activity." Tex. Penal Code Ann.
§ 38.04(a) (Supp. 1992).

 Appellant directs our attention to testimony of Lozano that he originally tried to
stop appellant to write him a traffic citation and it was not until pursuit was under way that he
decided to arrest him. We find appellant's reliance on Smith v. State, 739 S.W.2d 848 (Tex.
Crim. App. 1987), to be misplaced. In Smith, the court held that section 38.04 is not violated
when a person flees from an officer who is not attempting to arrest him but is only attempting to
stop him for the purpose of making an investigation. At the time Smith was written, an offense
occurred under section 38.04(a) if a person "intentionally flees from a person he knows is a peace
officer attempting to arrest him." Subsequently, section 38.04 was amended by adding "or detain
him for the purpose of questioning or investigating possible criminal activity." 1989 Tex. Gen.
Laws, ch. 126, § 1, at 488 (effective Sept. 1, 1989).

 Speeding, as proscribed by Tex. Rev. Civ. Stat. Ann. art. 6701d, § 166 (1977), 
is a "criminal offense." Zulouf v. State, 591 S.W.2d 869, 871 (Tex. Crim. App. 1980). Lozano
testified that when a person is stopped for a traffic violation, "We check the driver's license, the
driver's condition . . . and see if there's any violation in addition to the initial violation that we
observed." Viewing the evidence in the light most favorable to the court's finding, we conclude
that any rational trier of fact could have found that the officer was attempting to investigate
criminal activity when he attempted to stop the appellant.

 With respect to appellant's contention that the evidence was insufficient to show
that he knew he was going to be arrested or investigated for criminal activity, we note that there
is no direct evidence showing that appellant had such knowledge. In Hankins v. State, 646
S.W.2d 191, 199 (Tex. Crim. App. 1983), the court stated that direct and circumstantial evidence
are to be treated with equal dignity. In Carlsen v. State, 654 S.W.2d 444,449 (Tex. Crim. App.
1983), (1) the court adopted the Jackson v. Virginia standard from reviewing the sufficiency of the
evidence in all cases, direct and circumstantial. However, the court went on to say that it was not
abolishing the old "exclusion of reasonable hypotheses" test, stating that it would remain a
criterion to be considered in reviewing circumstantial evidence cases.

 In the instant cause, a uniformed officer in a marked patrol car testified that he
activated his overhead lights and motioned to the appellant to stop, but appellant looked at him
and accelerated at a faster speed. During the pursuit that ensued, the radar on the patrol car
showed that appellant's motorcycle was traveling "in the vicinity of about ninety-five miles." 
Resolving any contradictions in favor of the trial court's finding, we conclude that a rational trier
of fact could find beyond a reasonable doubt that appellant knew that he was going to be arrested
or investigated for criminal activity. We hold that there was sufficient evidence to support the
conviction. Appellant' point of error is overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

[Before Chief Justice Carroll, Justices Jones and Davis*]

Affirmed

Filed: June 24, 1992

[Publish]

















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).

1.   Carlsen was prospectively overruled in Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App.
1991), Carlsen continues to apply to cases tried before November 6, 1991. The instant cause was
tried on May 9, 1991.