IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-94-296-CR




GILBERT RODRIGUEZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY 



NO. 39,333, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING


 





PER CURIAM

 The county court at law found appellant guilty of evading arrest. Act of May 3,
1989, 71st Leg., R.S., ch. 126, § 1, 1989 Tex. Gen. Laws 488 (Tex. Penal Code Ann. § 38.04,
since amended). (1) The court assessed punishment at incarceration for one year and a $500 fine,
probated. (2) 

 The information alleged that appellant intentionally fled from Stuart Ellis, whom
appellant knew to be a police officer "attempting to legally arrest" him. A criminal defendant can
be convicted only of the offense alleged in the indictment or information, and a variance between
the allegations and the proof may render the evidence legally insufficient to sustain a conviction. 
Franklin v. State, 659 S.W.2d 831, 833 (Tex. Crim. App. 1983); Hobbs v. State, 548 S.W.2d
884, 888 (Tex. Crim. App. 1977) (opinion on motion for rehearing). By its pleading, the State
assumed the burden of proving that Ellis was attempting to lawfully arrest appellant when
appellant fled from the officer. See Fisher v. State, 887 S.W.2d 49, 57 (Tex. Crim. App. 1994);
Wright v. State, 855 S.W.2d 110, 112 (Tex. App.--Houston [14th Dist.] 1993, no pet.). In his
first point of error, appellant contends the State did not satisfy this burden. 

 Ellis, a San Marcos police officer, testified that he and his partner, Frank
Calabrese, responded to a report of an assault in progress at a Guadalupe Street residence. When
the officers arrived, they saw a vehicle backing out of the driveway. A woman later identified
as appellant's wife was "chasing the vehicle, yelling and pointing at the vehicle." The driver of
the suspect vehicle was later identified as appellant. Ellis, who had exited his patrol car and was
wearing his police uniform, shouted at appellant to stop. Appellant did not comply with Ellis's
order and drove away, pursued by other officers who had arrived at the scene. These officers
succeeded in stopping appellant two blocks away, where he was ultimately arrested for assaulting
his wife. 

 Appellant does not deny that he intentionally fled from Ellis, nor does he contend
that he did not know that Ellis was attempting to stop him. Appellant's challenge to the
sufficiency of the evidence centers on the evidence regarding the purpose of Ellis's order to stop. 
Appellant urges that Ellis did not have probable cause to arrest him and that, in any event, the
evidence demonstrates that Ellis was attempting merely to detain him for investigation. In
response to questions by the prosecutor, Ellis testified:


Q And what was the reason you were yelling at him to stop?


A I believed he was possibly an actor or in some way involved in this
disturbance and was trying to flee the scene and I didn't want him to leave.


Q So you were wanting to stop him to investigate the situation or to possibly
arrest him?


A One of the two possibly, yes. 



Ellis was cross-examined as follows:


Q So at that point in time you were not attempting to arrest Gilbert
Rodriguez, were you?


A I was attempting to at least detain him, not necessarily arrest.


Q Okay. You -- at that point in time you had not talked to anyone other than
the dispatcher. In fact, you didn't even know if Gilbert Rodriguez had
been involved in any disturbance, did you?


A Just based what I was seeing as it was actually going on, that was the only
thing that made me believe that he needed to be stopped and detained.


Q Okay. So again you were not attempting to arrest him at that point in time?


A Just to detain him.



The testimony of Calabrese and the other police officers was consistent with Ellis's insofar as
appellant's conduct is concerned. The other testimony sheds no further light on either Ellis's
reason for ordering appellant to stop or his probable cause for doing so.

 The State argues that this point of error is controlled by the opinion of this Court
in Rogers v. State, 832 S.W.2d 442 (Tex. App.--Austin 1992, no pet.). We disagree. The
defendant in Rogers fled from a police officer who was trying to stop him for speeding. In
overruling his challenge to the sufficiency of the evidence to sustain his conviction under section
38.04, we held that a rational trier of fact could find that the officer "was attempting to investigate
criminal activity when he attempted to stop the appellant" and that the defendant "knew he was
going to be arrested or investigated for criminal activity." Id. at 444. Rogers did not involve an
alleged variance between pleading and proof, and the charging instrument is not quoted in the
opinion. From our holding, however, it is clear that the defendant was accused of evading either
arrest or detention. That distinguishes Rogers from the present cause. 

 The State alleged only that Ellis was attempting to arrest appellant when appellant
fled. Ellis testified, however, that he was attempting to detain appellant for investigation, not
arrest him. Because there is no evidence to support appellant's conviction on the only theory of
the offense alleged in the information, the conviction cannot stand. (3) The first point of error is
sustained.

 The judgment of conviction is reversed and reformed to reflect an acquittal.


Before Justices Powers, Aboussie and B. A. Smith

Reversed and Reformed

Filed: February 1, 1995

Do Not Publish

1. Section 38.04(a) read: "A person commits an offense if he intentionally flees from a person
he knows is a peace officer attempting to arrest him or detain him for the purpose of questioning
or investigating possible criminal activity."
2. While we find appellant's first point of error dispositive, we note that his second point of
error correctly asserts that the punishment assessed exceeds that authorized for this class B
misdemeanor offense. See Act of May 2, 1991, 72d Leg., R.S., ch. 108, § 1, 1991 Tex. Gen.
Laws 681 (Tex. Penal Code Ann. § 12.22, since amended).
3. Because Ellis was not shown to have been attempting an arrest, we need not decide whether
an arrest would have been lawful under the circumstances.