NO.
12-06-00122-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

LEON
BRADFORD, JR.,    §                      APPEAL FROM THE 241ST

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Leon
Bradford, Jr. appeals his conviction for evading arrest, for which he was
sentenced to imprisonment for ten years. 
Appellant raises four issues on appeal. 
We affirm.

 

Background

            Appellant was charged by indictment
for evading arrest and pleaded “not guilty.” 
The indictment also contained two enhancement paragraphs relating to
prior convictions of forgery and burglary of a building.  The matter proceeded to jury trial.

            At the commencement of Appellant’s
trial, the trial court considered Appellant’s motion in limine, which
concerned, among other things, Appellant’s arrest on the day in question for
driving while intoxicated and fraudulent use of identifying information.  After a brief hearing, the trial court
overruled Appellant’s motion.  

            Officer T.J. Goodpasture testified
as the State’s first witness. 
Goodpasture testified that he was driving in his patrol vehicle in
Tyler, Texas on October 30, 2005. 
Goodpasture further stated that he was wearing his uniform.  Goodpasture stated that at approximately 4:45
p.m., he saw a white Ford Ranger pickup truck come over a hill.  Goodpasture further stated that as he came
into the  truck driver’s view, the driver
slammed on his brakes bringing the vehicle to a sudden stop and causing smoke
to erupt from about the vehicle.  The
truck then proceeded forward.  As the
truck passed Goodpasture’s vehicle, Goodpasture observed the driver[1]
was not wearing his seatbelt.

            Goodpasture testified that upon
seeing this, he turned his vehicle around and attempted to initiate a traffic
stop by activating his overhead lights. 
However, Appellant did not stop his vehicle.  Rather, according to Goodpasture’s testimony,
Appellant “sped up, squealed around a corner 
. . .  without stopping,[2]
[and] accelerated to a stop sign at Moore and Kennedy.”  Goodpasture later testified that he had no
doubt that Appellant was intentionally fleeing from him in his vehicle.  Goodpasture stated that he then activated his
siren, and the vehicle, which was attempting to turn at the stop sign, drove up
the road a short distance before stopping. 
Goodpasture testified that he exited his patrol vehicle and made contact
with Appellant, who identified himself as Al Shawn Bradford.  Goodpasture stated that Appellant
continuously gave him the name Al Bradford, but that he later determined that
neither the name nor the date of birth Appellant gave him was correct.  Goodpasture also stated that based on his
interaction with Appellant, which included Appellant’s performance of some
field sobriety tests, he believed without any doubt that Appellant was
intoxicated.  During Goodpasture’s
testimony, the State introduced two video tapes containing video shot from the
dashboard camera in Goodpasture’s patrol vehicle.  This video evidence was published to the
jury.

            Tyler Police Department Officer
Donnie Malmstrom testified next on the State’s behalf.  Malmstrom stated that he took Appellant’s
fingerprints that morning.  The card
containing Appellant’s fingerprints was admitted into evidence without
objection.  Malmstrom further testified
concerning two other exhibits indicating that Appellant had been previously
convicted twice of driving while intoxicated (“DWI”).  Malmstrom testified that the fingerprints he
took from Appellant that morning matched the fingerprints on the exhibits
indicating prior DWI convictions. 
Following Malmstrom’s testimony, the State and Appellant rested.

            The jury found Appellant guilty of evading
arrest, and the matter proceeded to a trial on punishment.  Appellant pleaded “not true” to two
enhancement paragraphs in the indictment—one alleging a prior felony conviction
of forgery and the other alleging a prior felony conviction of burglary of a
building.  Malmstrom again testified on
the State’s behalf.  Malmstrom compared
the fingerprints he took from Appellant to multiple certified judgments and
sentences, two of which corresponded to the enhancement paragraphs in the
indictment.  Following Malmstrom’s
testimony, the State and Appellant rested. 
Ultimately, the jury assessed Appellant’s punishment at imprisonment for
ten years.  The trial court sentenced
Appellant accordingly, and this appeal followed.

 

Evidentiary Sufficiency

            In his first issue, Appellant argues
that the evidence was legally insufficient to support the trial court’s
judgment.  In his second issue, Appellant
argues that the evidence was factually insufficient to support the trial court’s
judgment.

Legal
Sufficiency

            Legal sufficiency is the
constitutional minimum required by the Due Process Clause of the Fourteenth
Amendment to sustain a criminal conviction. 
See Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct.
2781, 2786-87, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State,
6 S.W.3d 1, 6 (Tex. App.–San Antonio 1999, pet. ref’d).  The standard for reviewing a legal
sufficiency challenge is whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  See Jackson, 443 U.S. at 320,
99 S. Ct. at 2789; see also Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993).  The evidence is
examined in the light most favorable to the jury’s verdict.  See Jackson, 443 U.S. at 320,
99 S. Ct. at 2789; Johnson, 871 S.W.2d at 186.  A successful legal sufficiency challenge will
result in rendition of an acquittal by the reviewing court.  See Tibbs v. Florida, 457 U.S.
31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982).

            The sufficiency of the evidence is
measured against the offense as defined by a hypothetically correct jury
charge.  See Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997). 
Such a charge would include one that “accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s
burden of proof or unnecessarily restrict the State’s theories of liability,
and adequately describes the particular offense for which the defendant is
tried.”  Id.  

            To support a conviction for evading
arrest in a vehicle, the evidence must support that the accused used a vehicle
to intentionally flee from a person he knew was a peace officer attempting to
lawfully arrest or detain him.  See Tex. Pen. Code Ann. § 38.04 (Vernon
2003).  In the case at hand, Appellant
argues that the evidence is insufficient to support that he intentionally
fled.  However, the record indicates that
Goodpasture was in uniform and driving a marked patrol car.  Goodpasture testified that he attempted to
initiate a traffic stop of Appellant’s truck by activating his overhead
lights.  Yet, Appellant did not stop his
vehicle.  Rather, according to
Goodpasture’s testimony, Appellant “sped up, squealed around a corner  . . . 
without stopping, [and] accelerated to a stop sign at Moore and Kennedy.”  Goodpasture later testified that he had no
doubt that Appellant was intentionally fleeing from him in his vehicle.  The dashboard camera video footage admitted
into evidence supports Goodpasture’s testimony. 

            Examining the aforementioned
evidence in the light most favorable to the jury’s verdict, we conclude that
the jury could have reasonably determined beyond a reasonable doubt that
Appellant  used a vehicle to
intentionally flee from Goodpasture, a person he knew was a peace officer
attempting to lawfully arrest or detain him. 
See, e.g., Rogers v. State, 832 S.W.2d 442, 444 (Tex. App.–Austin
1992, no writ).[3]  Therefore, we
hold that the evidence was legally sufficient to support the jury’s
verdict.  Appellant’s first issue is
overruled.

Factual
Sufficiency

            Turning to Appellant’s contention
that the evidence is not factually sufficient to support the jury’s verdict, we
must first assume that the evidence is legally sufficient under the Jackson
standard.  See Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
We then consider all of the evidence weighed by the jury that tends to
prove the existence of the elemental fact in dispute and compare it to the
evidence that tends to disprove that fact. 
See Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997).  Although we are
authorized to disagree with the jury’s determination, even if probative
evidence exists that supports the verdict, 
see Clewis, 922 S.W.2d at 133, our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the

weight and
credibility of witness testimony.  Santellan,
939 S.W.2d at 164.  Where there is
conflicting evidence, the jury’s verdict on such matters is generally regarded
as conclusive.  See Van Zandt v.
State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d).  Ultimately, we must ask whether a neutral
review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak as to undermine our confidence in the
jury's determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see
also Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App.
2006) (Evidence is factually insufficient only when reviewing court objectively
concludes that the great weight and preponderance of the evidence contradicts
the jury’s verdict.).

            We have reviewed the record in its
entirety.  As set forth above, the video
tape evidence supports Goodpasture’s account of the events on the day in
question.  While the record indicates
that Appellant ultimately stopped his vehicle, such evidence does not
contradict the evidence supporting that he did, for a period of time,
intentionally flee from Goodpasture.  See,
e.g., Goodson, 2006 WL 1888722, at *5.  We iterate that our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the weight and
credibility of witness testimony, see Santellan, 939
S.W.2d at 164, and where there is conflicting evidence, the jury’s verdict on
such matters is generally regarded as conclusive.  See Van Zandt, 932
S.W.2d at 96.  Our review of the record
as a whole, with consideration given to all of the evidence, both for and
against the jury’s finding, has not revealed to us any evidence that causes us
to conclude that the proof of guilt is so obviously weak or is otherwise so
greatly outweighed by contrary proof as to render Appellant’s conviction
clearly wrong or manifestly unjust. 
Therefore, we hold that the evidence is factually sufficient to support
the trial court’s judgment.  Appellant’s
second issue is overruled.

 

Admissibility of 404(b) Evidence

            In
his third issue, Appellant argues that the trial court erred in admitting
evidence that he committed the offense of driving while intoxicated while he
was evading arrest.  Texas Rule of
Appellate Procedure 33 governs the preservation of appellate complaints. To
preserve error for appellate review under Rule 33.1(a), the record must show
that (1) the complaining party made a timely and specific request, objection,
or motion, and (2) the trial judge either ruled on the request, objection, or
motion expressly or implicitly, or refused to rule and the complaining party
objected to that refusal.  See Tex. R. App. P. 33.1(a); Geuder
v. State, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003).

            In the case at hand, Appellant filed
a motion in limine relating to extraneous offenses.  Before the presentation of evidence, outside
the jury’s presence, the trial court considered Appellant’s motion in limine
and denied it, stating  that the evidence
was admissible.  Moreover, prior to the
court’s ruling, Appellant’s counsel stated, 

 

I just want to make sure that, you know, by – we’re
not conceding that he’s guilty to any of those things.  I understand that they – that they were part
of what happened that day and that the State would present some evidence of
that.  That’s all that I have to say on
that motion.  

 

 

At trial, the
State repeatedly made reference to, either in argument or through its
witnesses, the fact that Appellant was driving while intoxicated while he was
fleeing from Goodpasture.  Appellant
failed to object to these statements.

            A preliminary ruling on a motion in
limine does not preserve error in the admission or exclusion of evidence.  See Geuder,  115 S.W.3d at 13.  By his failure to object when the evidence
was first raised by the State during its opening argument, Appellant waived the
error, if any.  See Tex.
R. App. P. 33.1(a).  Appellant’s
third issue is overruled.[4] 

 

 

Sufficiency of 404(b) Evidence

            In
his fourth issue, Appellant argues that there was neither legally nor factually
sufficient evidence that he committed the offense of fraudulent use of
identifying information and, therefore, the trial court erred in permitting the
jury to consider such evidence. 

            Presumably, Appellant relies on
cases that describe the standard of review appropriate in determining if the
evidence is legally and factually sufficient to support a conviction.  See, e.g., Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clewis,
922 S.W.2d at 129.  As set forth
above, Appellant failed to timely object to the admission of such evidence.[5]  See Tex.
R. App. P. 33.1(a).  Furthermore,
the court, in its charge, properly instructed the jury as follows:

 

You are instructed that any statements of counsel,
made during the course of the trial or during argument, not supported by the
evidence, or statements of law made by counsel not in harmony with the law as
stated to you by the Court in these instructions, are to be wholly disregarded.

 

            .... 

 

                You
are instructed that if there is any testimony before you in this case regarding
the defendant’s having committed offenses other than the offense alleged
against him in the indictment in this case, you cannot consider said testimony
for any purpose unless you find and believe beyond a reasonable doubt that the
defendant committed such other offenses, if any were committed and even then
you may only consider the same in determining the motive, intent, plan, scheme,
knowledge, or identity of the defendant, if any, in connection with the
offense, if any, alleged against him in the indictment in this case and for no
other purposes.

 

 

            Appellant has not cited, nor are we
aware of any authority, supporting that there exists a comparable sufficiency
standard by which we may review evidence admitted pursuant to Rule 404(b).  The State has no burden to prove the elements
of such prior conduct nor is the trial court required to instruct the jury on
the elements of such conduct.  Cf.
Malpica v. State, 108 S.W.3d 374, 378 (Tex. App.–Tyler 2003, no
pet.) (The State has no burden to prove particular elements of extraneous
offenses at punishment, and the jury need not be instructed on the elements of
the extraneous offenses.).  Therefore, we
hold that the only review possible of the sufficiency of the evidence admitted
pursuant to Rule 404(b) is a review of the trial court’s threshold ruling on
admissibility.  Id. at
379.  Appellant’s fourth issue is
overruled.

Disposition

            Having overruled Appellant’s issues
one, two, three, and four, we affirm the trial court’s judgment.

 

                                                                                                    BRIAN HOYLE   

                                                                                                               Justice

 

Opinion delivered March 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] The driver of the Ford Ranger pickup truck was later determined to be
Appellant.





[2] Goodpasture testified that this corner was a “T-intersection.”  Goodpasture further testified that although
there was no stop sign at this intersection, drivers are still required to stop
at a T-intersection to make sure there is no approaching traffic.





[3] In Rogers, the
evidence indicated that the appellant, in his flight, drove at approximately
ninety-four miles per hour.  Id.  While here, the video tape evidence indicates
that Appellant was traveling at a high rate of speed considering the road on
which he was traveling, we note that speed is not an essential element of the
offense of evading arrest.  See Goodson
v. State, No. 06-05-00107-CR, 2006 WL 1888722, at *5 (Tex. App.–Texarkana
July 11, 2006, no pet.) (mem op., not designated for publication).  While we often associate the term “flee’ with
speed, Appellant’s actions during the pursuit demonstrate his reluctance to
stop or submit to Goodpasture’s authority, and to get away, albeit
temporarily.  See id. 

 





[4] Assuming arguendo that
the trial court’s ruling that the evidence was admissible might be considered a
preliminary ruling pursuant to Texas Rule of Evidence 103, we note that
Appellant conceded to the trial court prior to its ruling that the evidence of
Appellant’s intoxication was contextual. 
See Tex. R. Evid.
404(b); see also Rogers v. State, 853 S.W.2d 29, 33 (Tex.
Crim. App. 1993).  Further, Appellant did
not argue to the trial court nor does he argue on appeal that the evidence was
more prejudicial than probative.  See Tex. R. Evid. 403.                                                                     

 





[5] Appellant does not challenge in his fourth issue the trial court’s
decision to admit such evidence.