NO. 07-10-00206-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
28, 2011

 



 

RUDY PENA, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 100TH DISTRICT COURT OF CARSON
COUNTY;

 

NO. 3156; HONORABLE DAN MIKE BIRD, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, Rudy Pena, appeals from
the trial court’s order adjudicating him guilty of possessing certain chemicals
with the intent to manufacture a controlled substance,[1]
a second-degree felony, and imposing a twenty-year sentence.  We will affirm.

Factual and Procedural History

            In
December 2009 and pursuant to a plea bargain, appellant pleaded guilty to the
offense of possessing certain chemicals with the intent to manufacture a
controlled substance and was placed on deferred adjudication community
supervision for ten years, fined $5,000.00, and ordered to pay $280.00 in
restitution.  As one of the conditions of
his community supervision, appellant agreed to commit no offense against the
laws of the state, another state, or the United States.  

            Two
months later, the State moved to adjudicate his guilt, alleging that appellant
violated the terms of his community supervision by committing an offense
against the laws of the state.  The State
alleged that appellant, while using a vehicle in Hutchinson County,
intentionally fled from Aaron K. McWilliams, a person appellant knew was a
peace officer who was attempting to lawfully arrest or detain appellant.[2]

            After
hearing evidence, the trial court found this allegation to be true and
adjudicated appellant guilty of the second-degree felony offense of possessing
certain chemicals with the intent to manufacture a controlled substance.  The trial court then imposed a twenty-year
sentence.

            Appellant
timely appealed.  He brings to the Court
four points of error challenging the sufficiency of the evidence to support the
trial court’s findings that appellant knew that McWilliams was a peace officer
and that appellant knew McWilliams was attempting to lawfully arrest or detain
him.  However, because appellant
challenges the trial court’s order of adjudication, we will read these points
of error generally as contending that the trial court abused its discretion by
adjudicating appellant’s guilt.  See
Cochran v. State, 78 S.W.3d 20, 27 (Tex.App.—Tyler
2002, no pet.).  We will affirm.

Standard of Review

            On
violation of a condition of community supervision imposed under an order of
deferred adjudication, the defendant is entitled to a hearing limited to the
determination by the court of whether it proceeds with an adjudication of guilt
on the original charge.  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (West Supp. 2010).  This
determination is reviewable in the same manner used to determine whether
sufficient evidence supported the trial court’s decision to revoke community
supervision.  Id.;
Antwine v. State, 268 S.W.3d 634, 636 (Tex.App.—Eastland 2008, pet. ref’d).  In an adjudication hearing, the State must
prove by a preponderance of the evidence that a defendant violated the terms of
his community supervision.  Rickels
v. State, 202 S.W.3d 759, 763–64 (Tex.Crim.App.
2006); Antwine, 268 S.W.3d at 636.  A preponderance of the evidence means “that
greater weight of the credible evidence which would create a reasonable belief
that the defendant has violated a condition of his probation.”  Rickels, 202 S.W.3d at 763–64.

            Given
the unique nature of a revocation hearing and the trial court’s broad
discretion in the proceedings, the general standards for reviewing sufficiency
of the evidence do not apply.  Pierce v. State, 113 S.W.3d 431, 436 (Tex.App.—Texarkana
2003, pet. ref’d). Instead, we review the
trial court’s decision regarding community supervision revocation for an abuse
of discretion and examine the evidence in a light most favorable to the trial
court’s order.  Garrett
v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981).  When the standard of review is abuse of
discretion, the record must simply contain some evidence to support the trial
court’s decision.  Herald
v. State, 67 S.W.3d 292, 293 (Tex.App.—Amarillo
2001, no pet.).  The trial judge
is the trier of fact and the arbiter of the
credibility of the testimony during a hearing on a motion to adjudicate.  See Garrett, 619
S.W.2d at 174.

Analysis

            Appellant’s
four points of error challenge the sufficiency of the evidence.  More specifically, he challenges the sufficiency
of the evidence to show that, while he was in Hutchinson County,[3]
he knew (1) that McWilliams was a peace officer and (2) that McWilliams was
attempting to lawfully arrest or detain him.  


            For
a defendant to be found guilty of evading arrest or detention, “it is essential
that a defendant know the peace officer is attempting to arrest him.”  Jackson v. State,
718 S.W.2d 724, 726 (Tex.Crim.App. 1986).  See Redwine
v. State, 305 S.W.3d 360, 362 (Tex.App.—Houston
[14th Dist.] 2010, pet ref’d) (noting that a person
commits the offense of evading arrest or detention only if the person “knows a
police officer is attempting to arrest him but nevertheless refuses to yield to
a police show of authority”).  Appellant
contends that he could not have known that McWilliams was a peace officer
attempting to arrest or detain him.  The
record shows the contrary.

            Hutchinson
County Sheriff’s Department Captain McWilliams testified that he was on routine
patrol in a residential area of Hutchinson County with Deputy Justin Farmer
when, between midnight and 1:00 a.m., they observed appellant driving a vehicle
at a high rate of speed and fail to use a turn signal at the required distance
from his turn.  McWilliams decided to
follow appellant’s vehicle.  As the
officers followed, appellant continued to commit traffic violations by driving
at an excessive speed and failing to properly signal his turns.  After McWilliams had followed appellant for
some time, appellant made a U-turn and drove back toward and past the police
vehicle.  Having witnessed a number of
traffic violations and having developed the suspicion that appellant was trying
to get away from the officers, McWilliams turned around to follow appellant and
activated his emergency lights and siren in an attempt to conduct a traffic
stop on the vehicle.

            After
McWilliams turned around, activated his emergency lights and siren, and began
to follow appellant, McWilliams witnessed appellant commit several more traffic
violations.  Appellant failed to yield,
failed to stop at a four-way stop sign, drove recklessly, drove at an excessive
speed, and failed to properly signal his turns. 
McWilliams testified that appellant forced another vehicle off the road
into the bar ditch when appellant passed the vehicle on an S-curve.  After a number of turns, appellant turned
onto a caliche road which, according to McWilliams,
caused a good deal of dust to be kicked up in the air and reduced visibility
during the pursuit.  McWilliams followed
approximately thirty to fifty yards behind appellant.

            As
McWilliams and Farmer pursued appellant down the caliche
road, the two vehicles passed into Carson County.  Appellant drove over the top of a hill.  Appellant then placed his car in reverse and
drove backward toward the pursuing police vehicle.  As McWilliams drove to the top of the hill,
appellant’s car collided with the police vehicle.  McWilliams testified that, because of the
dust from the road and appellant’s position over the hill, he was unable to see
appellant’s vehicle coming in his direction and was, therefore, unable to take
evasive action.  The collision ended the
two- to three-minute pursuit, and appellant, the vehicle’s only occupant, was
removed from the vehicle in which he had been pinned.  Appellant asked McWilliams what had happened
and then made some statement to indicate he believed that he had been chasing
the officers.  He then asked why the
officers were chasing him.  The officers
arrested him for evading arrest or detention. 
Farmer testified to a similar account of the incident.

            So,
with respect to the evidence showing that appellant knew or should have known
that McWilliams was a peace officer attempting to lawfully arrest or detain
him, our review of the record reveals the following.  Though he did so prior to the activation of
lights and siren, appellant performed a U-turn to travel back in the direction
of the police vehicle, a pickup that was clearly marked with reflective decals
as a Hutchinson County Sheriff’s Department vehicle.  The pursuit began moments thereafter, in
Hutchinson County, when McWilliams activated his lights and siren.  Further, McWilliams testified that appellant
made evasive maneuvers after emergency lights and siren were activated and that
he drove recklessly and at an excessive speed. 
McWilliams testified that the two vehicles traveled about two miles in
Hutchinson County, and then some distance further into Carson County, as the
police vehicle’s lights and siren were activated.  During the portion of the pursuit on the caliche road, McWilliams followed only thirty to fifty
yards behind appellant.  The pursuit
lasted between two and three minutes before appellant drove his car in reverse
to collide with the police vehicle. 
Farmer confirmed that the lights and siren were activated during the entire
pursuit.  See Rogers v. State,
832 S.W.2d 442, 444 (Tex.App.—Austin
1992, no pet.) (concluding that evidence sufficient,
though no direct evidence of knowledge, when appellant sped away from a marked
police vehicle with activated lights and siren).

            Viewing
the evidence in a light most favorable to the trial court’s order, we conclude
the trial court did not abuse its discretion in finding by a preponderance of
the evidence that appellant intentionally fled from McWilliams, a person
appellant knew was a peace officer attempting to lawfully arrest or detain
him.  Such conduct, constituting a
criminal offense, violated the terms and conditions of appellant’s deferred
adjudication community supervision.  See
Tex. Code Crim. Proc.
Ann. art. 42.12, § 11(a)(1). 

Conclusion

            We overrule
appellant’s points of error and affirm the judgment of the trial court.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 

Do
not publish.  











[1]
See
Tex. Health & Safety Code Ann.
§ 481.124 (West 2010).

 





[2]
Evading arrest or detention is an offense
against the laws of the state.  See
Tex. Penal Code Ann. § 38.04 (West Supp. 2010).





[3] To the extent that appellant’s contentions were
designed to raise a venue-like argument, we reject his contentions.  Ordinarily, the State bears the burden to
prove, by a preponderance of the evidence, that venue is proper in the county
in which the case is tried. Tex. Code Crim. Proc. Ann. art.
13.17 (West 2005). 
An adjudication proceeding does not fall within this general rule.  See Chambers v. State, 700
S.W.2d 597, 598-99 (Tex.Crim.App. 1985), overruled
sub silentio on other grounds by Ex parte
Tarver, 725 S.W.2d 195, 197 (Tex.Crim.App. 1986)
(observing that “[r]evocation proceedings for deferred adjudication probation
and ‘regular’ probation are essentially administrative proceedings and do not
involve the same panoply of rights and considerations applicable to a formal
criminal trial”).  Here, only the court
in which appellant was tried on the original charge may revoke the community
supervision unless jurisdiction over the case has been transferred to another court.  See Tex.
Code Crim. Proc. Ann. art.
42.12, § 10(a). 
Again, the State was required to show that appellant committed an
offense against the laws of the state, here, evading arrest or detention.  The commission of this offense does not
require that the action take place in Hutchinson County.  Venue is not a “criminative fact” and, thus,
not an essential element of the offense. 
Boyle v. State, 820 S.W.2d 122, 140 (Tex.Crim.App.
1989); Thierry v. State, 288 S.W.3d 80, 90 (Tex.App.—Houston
[1st Dist.] 2009, pet. ref’d).  So, the location of the offense here is not
relevant in terms of venue nor in terms of elements of
the offense.  However, even assuming, arguendo, that
the State had to prove that appellant knew or should have known, in Hutchinson
County, that McWilliams was a peace officer attempting to lawfully arrest or
detain him, our review of the record, as outlined, infra, reveals that it did so prove.