NO. 07-10-00206-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 28, 2011

RUDY PENA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 3156; HONORABLE DAN MIKE BIRD, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Rudy Pena, appeals from the trial court's order adjudicating him guilty of possessing certain chemicals with the intent to manufacture a controlled substance,[1] a second-degree felony, and imposing a twenty-year sentence. We will affirm.

Factual and Procedural History

In December 2009 and pursuant to a plea bargain, appellant pleaded guilty to the offense of possessing certain chemicals with the intent to manufacture a controlled

_____

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.124 (West 2010).

substance and was placed on deferred adjudication community supervision for ten years, fined $5,000.00, and ordered to pay $280.00 in restitution. As one of the conditions of his community supervision, appellant agreed to commit no offense against the laws of the state, another state, or the United States.

Two months later, the State moved to adjudicate his guilt, alleging that appellant violated the terms of his community supervision by committing an offense against the laws of the state. The State alleged that appellant, while using a vehicle in Hutchinson County, intentionally fled from Aaron K. McWilliams, a person appellant knew was a peace officer who was attempting to lawfully arrest or detain appellant.[2]

After hearing evidence, the trial court found this allegation to be true and adjudicated appellant guilty of the second-degree felony offense of possessing certain chemicals with the intent to manufacture a controlled substance. The trial court then imposed a twenty-year sentence.

Appellant timely appealed. He brings to the Court four points of error challenging the sufficiency of the evidence to support the trial court's findings that appellant knew that McWilliams was a peace officer and that appellant knew McWilliams was attempting to lawfully arrest or detain him. However, because appellant challenges the trial court's order of adjudication, we will read these points of error generally as contending that the trial court abused its discretion by adjudicating appellant's guilt.

---

[2] Evading arrest or detention is an offense against the laws of the state. See Tex. Penal Code Ann. § 38.04 (West Supp. 2010).

See Cochran v. State, 78 S.W.3d 20, 27 (Tex.App.—Tyler 2002, no pet.). We will affirm.

## Standard of Review

On violation of a condition of community supervision imposed under an order of deferred adjudication, the defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (West Supp. 2010). This determination is reviewable in the same manner used to determine whether sufficient evidence supported the trial court's decision to revoke community supervision. Id.; Antwine v. State, 268 S.W.3d 634, 636 (Tex.App.—Eastland 2008, pet. ref'd). In an adjudication hearing, the State must prove by a preponderance of the evidence that a defendant violated the terms of his community supervision. Rickels v. State, 202 S.W.3d 759, 763–64 (Tex.Crim.App. 2006); Antwine, 268 S.W.3d at 636. A preponderance of the evidence means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." Rickels, 202 S.W.3d at 763–64.

Given the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing sufficiency of the evidence do not apply. Pierce v. State, 113 S.W.3d 431, 436 (Tex.App.—Texarkana 2003, pet. ref'd). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. Garrett v. State, 619 S.W.2d 172, 174

3

(Tex.Crim.App. 1981).  When the standard of review is abuse of discretion, the record must simply contain some evidence to support the trial court's decision.  Herald v. State, 67 S.W.3d 292, 293 (Tex.App.—Amarillo 2001, no pet.).  The trial judge is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate.  See Garrett, 619 S.W.2d at 174.

Analysis

Appellant's four points of error challenge the sufficiency of the evidence.  More specifically, he challenges the sufficiency of the evidence to show that, while he was in Hutchinson County,[3] he knew (1) that McWilliams was a peace officer and (2) that McWilliams was attempting to lawfully arrest or detain him.

---

[3] To the extent that appellant's contentions were designed to raise a venue-like argument, we reject his contentions.  Ordinarily, the State bears the burden to prove, by a preponderance of the evidence, that venue is proper in the county in which the case is tried. TEX. CODE CRIM. PROC. ANN. art. 13.17 (West 2005).  An adjudication proceeding does not fall within this general rule.  See Chambers v. State, 700 S.W.2d 597, 598-99 (Tex.Crim.App. 1985), overruled sub silentio on other grounds by Ex parte Tarver, 725 S.W.2d 195, 197 (Tex.Crim.App. 1986) (observing that "[r]evocation proceedings for deferred adjudication probation and 'regular' probation are essentially administrative proceedings and do not involve the same panoply of rights and considerations applicable to a formal criminal trial").  Here, only the court in which appellant was tried on the original charge may revoke the community supervision unless jurisdiction over the case has been transferred to another court.  See TEX. CODE CRIM. PROC. ANN. art. 42.12, § 10(a).  Again, the State was required to show that appellant committed an offense against the laws of the state, here, evading arrest or detention.  The commission of this offense does not require that the action take place in Hutchinson County.  Venue is not a "criminative fact" and, thus, not an essential element of the offense.  Boyle v. State, 820 S.W.2d 122, 140 (Tex.Crim.App. 1989); Thierry v. State, 288 S.W.3d 80, 90 (Tex.App.—Houston [1st Dist.] 2009, pet. ref'd).  So, the location of the offense here is not relevant in terms of venue nor in terms of elements of the offense.  However, even assuming, *arguendo*, that the State had to prove that appellant knew or should have known, in Hutchinson County, that McWilliams was a peace officer

For a defendant to be found guilty of evading arrest or detention, "it is essential that a defendant know the peace officer is attempting to arrest him." Jackson v. State, 718 S.W.2d 724, 726 (Tex.Crim.App. 1986). See Redwine v. State, 305 S.W.3d 360, 362 (Tex.App.—Houston [14th Dist.] 2010, pet ref'd) (noting that a person commits the offense of evading arrest or detention only if the person "knows a police officer is attempting to arrest him but nevertheless refuses to yield to a police show of authority"). Appellant contends that he could not have known that McWilliams was a peace officer attempting to arrest or detain him. The record shows the contrary.

Hutchinson County Sheriff's Department Captain McWilliams testified that he was on routine patrol in a residential area of Hutchinson County with Deputy Justin Farmer when, between midnight and 1:00 a.m., they observed appellant driving a vehicle at a high rate of speed and fail to use a turn signal at the required distance from his turn. McWilliams decided to follow appellant's vehicle. As the officers followed, appellant continued to commit traffic violations by driving at an excessive speed and failing to properly signal his turns. After McWilliams had followed appellant for some time, appellant made a U-turn and drove back toward and past the police vehicle. Having witnessed a number of traffic violations and having developed the suspicion that appellant was trying to get away from the officers, McWilliams turned around to follow appellant and activated his emergency lights and siren in an attempt to conduct a traffic stop on the vehicle.

---

attempting to lawfully arrest or detain him, our review of the record, as outlined, *infra*, reveals that it did so prove.

5

After McWilliams turned around, activated his emergency lights and siren, and began to follow appellant, McWilliams witnessed appellant commit several more traffic violations. Appellant failed to yield, failed to stop at a four-way stop sign, drove recklessly, drove at an excessive speed, and failed to properly signal his turns. McWilliams testified that appellant forced another vehicle off the road into the bar ditch when appellant passed the vehicle on an S-curve. After a number of turns, appellant turned onto a caliche road which, according to McWilliams, caused a good deal of dust to be kicked up in the air and reduced visibility during the pursuit. McWilliams followed approximately thirty to fifty yards behind appellant.

As McWilliams and Farmer pursued appellant down the caliche road, the two vehicles passed into Carson County. Appellant drove over the top of a hill. Appellant then placed his car in reverse and drove backward toward the pursuing police vehicle. As McWilliams drove to the top of the hill, appellant's car collided with the police vehicle. McWilliams testified that, because of the dust from the road and appellant's position over the hill, he was unable to see appellant's vehicle coming in his direction and was, therefore, unable to take evasive action. The collision ended the two- to three-minute pursuit, and appellant, the vehicle's only occupant, was removed from the vehicle in which he had been pinned. Appellant asked McWilliams what had happened and then made some statement to indicate he believed that he had been chasing the officers. He then asked why the officers were chasing him. The officers arrested him for evading arrest or detention. Farmer testified to a similar account of the incident.

6

So, with respect to the evidence showing that appellant knew or should have known that McWilliams was a peace officer attempting to lawfully arrest or detain him, our review of the record reveals the following. Though he did so prior to the activation of lights and siren, appellant performed a U-turn to travel back in the direction of the police vehicle, a pickup that was clearly marked with reflective decals as a Hutchinson County Sheriff's Department vehicle. The pursuit began moments thereafter, in Hutchinson County, when McWilliams activated his lights and siren. Further, McWilliams testified that appellant made evasive maneuvers after emergency lights and siren were activated and that he drove recklessly and at an excessive speed. McWilliams testified that the two vehicles traveled about two miles in Hutchinson County, and then some distance further into Carson County, as the police vehicle's lights and siren were activated. During the portion of the pursuit on the caliche road, McWilliams followed only thirty to fifty yards behind appellant. The pursuit lasted between two and three minutes before appellant drove his car in reverse to collide with the police vehicle. Farmer confirmed that the lights and siren were activated during the entire pursuit. See Rogers v. State, 832 S.W.2d 442, 444 (Tex.App.—Austin 1992, no pet.) (concluding that evidence sufficient, though no direct evidence of knowledge, when appellant sped away from a marked police vehicle with activated lights and siren).

Viewing the evidence in a light most favorable to the trial court's order, we conclude the trial court did not abuse its discretion in finding by a preponderance of the evidence that appellant intentionally fled from McWilliams, a person appellant knew was a peace officer attempting to lawfully arrest or detain him. Such conduct, constituting a

7

criminal offense, violated the terms and conditions of appellant's deferred adjudication community supervision.  <u>See</u> TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(1).

## Conclusion

We overrule appellant's points of error and affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.