ACCEPTED
01-14-00434-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/13/2015 10:45:19 AM
CHRISTOPHER PRINE
CLERK

# No. 01-14-00434-CR

In the
Court of Appeals
For the
First District of Texas
At Houston

————◆————

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/13/2015 10:45:19 AM

CHRISTOPHER A. PRINE
Clerk

**No. 1368857**
In the 339th District Court
Of Harris County, Texas

————◆————

# ALEX GONZALEZ

*Appellant*

V.

# THE STATE OF TEXAS

*Appellee*

————◆————

## STATE'S APPELLATE BRIEF

————◆————

**DEVON ANDERSON**
District Attorney
Harris County, Texas

**ERIC KUGLER**
Assistant District Attorney
Harris County, Texas
TBC  No. 796910
kugler_eric@dao.hctx.net

**JOHN LEWIS**
**ADETAYO ADEYIGA**
Assistant District Attorneys
Harris County, Texas

1201 Franklin, Suite 600
Houston, Texas  77002
Tel:  (713) 755-5826
FAX:  (713) 755-5809

*Counsel for Appellee*

ORAL ARGUMENT REQUESTED ONLY IF GRANTED TO APPELLANT

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. P. 39, the State requests oral argument only if oral argument is granted to the appellant.

## IDENTIFICATION OF THE PARTIES

Counsel for the State:

**Devon Anderson** — District Attorney of Harris County

**Eric Kugler** — Assistant District Attorney on appeal

**John Lewis; Adetayo Adeyiga** — Assistant District Attorneys at trial

Appellant or criminal defendant:

**Alex Gonzalez**

Counsel for Appellant:

**Nicole DeBorde** — Counsel on appeal

**Gary Polland** — Counsel at trial

Trial Judge:

**Hon. Leslie Brock Yates** — Presiding Judge

i

# TABLE OF CONTENTS

**Page**

STATEMENT REGARDING ORAL ARGUMENT ...............................................i

IDENTIFICATION OF THE PARTIES ....................................................i

INDEX OF AUTHORITIES............................................................. iii

STATEMENT OF THE CASE....................................................................1

STATEMENT OF FACTS .......................................................................1

REPLY TO APPELLANT'S SOLE POINT OF ERROR........................................2

   A rational jury could have found beyond a reasonable doubt that the appellant evaded from the police in a motor vehicle. .......................................................2

CONCLUSION ..................................................................................6

CERTIFICATE OF SERVICE AND COMPLIANCE .............................................6

# INDEX OF AUTHORITIES

**CASES**

*Brooks v. State*,
  323 S.W.3d 893 (Tex. Crim. App. 2010)..................................................................3

*Burgess v. State*,
  14-13-00219-CR, 2014 WL 4823781 (Tex. App.—
  Houston [14th Dist.] Sept. 30, 2014, no pet.) ........................................................4

*Chambers v. State*,
  805 S.W.2d 459 (Tex. Crim. App. 1991)................................................................3

*Jackson v. Virginia*,
  443 U.S. 307319 (1979) ..........................................................................................3

*Johnson v. State*,
  871 S.W.2d 183 (Tex. Crim. App. 1993)................................................................3

*King v. State*,
  29 S.W.3d 556 (Tex. Crim. App. 2000)..................................................................3

*Rogers v. State*,
  832 S.W.2d 442 (Tex. App.—
  Austin 1992, no pet.) ...............................................................................................4

*Troff v. State*,
  No. 01-00-01173-CR, 2002 WL 31087321 (Tex. App.—
  Houston [1st Dist.] 2002, no pet.) ...........................................................................4

**STATUTES**

TEX. PENAL CODE § 38.04 (West 2010)......................................................................3

**RULES**

TEX. R. APP. P. 39............................................................................................................ i

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

The appellant was charged with evading detention in a motor vehicle committed on November 23, 2012 (CR – 13). He pled "not guilty" to the charge, and the case was tried to a jury (CR – 152). The jury found him guilty, and the trial court thereafter assessed punishment at 25 years in prison on May 22, 2014 (CR – 152). The appellant filed notice of appeal that same day, and the trial court certified that he had the right to appeal (CR – 156-157).

## STATEMENT OF FACTS

On November 23, 2012, J. Laird with the Harris County Sheriff's Office was dispatched to the Christus St. Catherine Hospital in response to an assault call (RR. III – 12-13). He spoke with the victim and learned that the appellant was the suspect in the assault and would be returning to the hospital (RR. III – 13). When the appellant pulled up to the emergency room exit, Deputy Laird approached him in full uniform (RR. III – 15). Two other peace officers were behind the appellant in their patrol car with their emergency lights already flashing (RR. III – 14-15) (St. Ex. 1). Nevertheless, the appellant accelerated away and took off through the parking lot (RR. III – 15).

Deputy B. Luce was one of the officers in the patrol car, and he took over the pursuit of the appellant, which lasted for more than two minutes (RR. III – 22-25, 26). Three patrol cars were involved in the chase (RR. III – 31). As Luce followed the appellant, he observed that the appellant failed to stop at a few stop signs as well as at a red light (RR. III – 25) (St. Ex. 1). The appellant finally stopped when he was surrounded by the officers and had nowhere else to go (RR. III – 31). The officers discovered that there was a one-or-two-year-old child in the appellant's vehicle (RR. III – 26-27).

## REPLY TO APPELLANT'S SOLE POINT OF ERROR

The appellant claims in his sole point of error that the evidence was insufficient to prove that he evaded the police (App'nt Brf. 8-11). This issue lacks merit because any rational jury could have found the appellant guilty of evading based on the mountain of testimonial and direct evidence.

### A rational jury could have found beyond a reasonable doubt that the appellant evaded from the police in a motor vehicle.

The standard of review in the present case is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the appellant intentionally or

knowingly fled from Deputy Luce in a motor vehicle while Luce was attempting to detain him (CR – 13); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010); TEX. PENAL CODE § 38.04 (West 2010). The jury was the sole judge of the weight of the evidence under this review and could choose to believe all, some, or none of it. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Evidence can be legally sufficient for a conviction even if it is entirely circumstantial. *King v. State*, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000). The standard of review for circumstantial and direct evidence is the same. *Id.* It is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

In the present case, the evidence showed that the appellant was a suspect in an assault when he drove up to the hospital's emergency room exit (RR. III – 12-15). Deputy Laird approached the appellant in full uniform while other officers pulled in behind the appellant with their emergency lights flashing (RR. III – 14-15). Nevertheless, the appellant took off and led the police on a chase that lasted until they were able to box him in (RR. III – 15, 22-25, 26, 31). Three patrol cars

were involved, and the appellant failed to stop at stop signs and a red light along the way (RR. III – 25, 31) (St. Ex. 1).

From the above evidence, any jury would have been rationally justified in finding guilt beyond a reasonable doubt. *See Rogers v. State*, 832 S.W.2d 442, 444 (Tex. App.—Austin 1992, no pet.) (holding evidence sufficient to support conviction for evading arrest where uniformed officer motioned for driver to pull over and where driver accelerated and was traveling approximately 95 miles per hour and passed two vehicles in no passing zones before being pulled over); *Troff v. State*, No. 01-00-01173-CR, 2002 WL 31087321, *2 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (not designated for publication) (holding evidence legally and factually sufficient to support defendant's conviction for evading arrest where officer noticed defendant weaving in and out of traffic, changing lanes without signaling, tailgating, and flashing his lights at other drivers and where behavior continued after officer turned on his lights and siren and where defendant stopped only when traffic ahead of him came to a standstill); *Burgess v. State*, 14-13-00219-CR, 2014 WL 4823781 (Tex. App.—Houston [14th Dist.] Sept. 30, 2014, no pet.) (holding evidence sufficient for evading arrest with a motor vehicle conviction, where officer activated his lights and siren while only a few car lengths behind defendant with no vehicles in between them, defendant accelerated and led officer on a high-speed chase while weaving through feeder traffic and attempted

4

to flee onto another street and stopped only when forced to do so by another police car and where defendant and his passengers had just committed a robbery).

The appellant claims that the "deputies did not have to block Appellant's car in order to get him to stop." (App'nt Brf. 9). But Deputy Luce testified that the appellant had nowhere else to go (RR. III – 31-32). Moreover, the patrol car video clearly shows the appellant fleeing from Deputy Luce, hitting a speed bump at a high clip, driving through a red light without stopping, and blowing through some stop signs all while the emergency lights of the pursuing patrol car are reflected in the appellant's rear license plate (St. Ex. 1). Therefore, the evidence was sufficient to sustain the conviction. *Rogers*, 832 S.W.2d at 444; *Troff*, 2002 WL 31087321, *2; *Burgess*, 2014 WL 4823781 at *2. The appellant's sole point of error should be overruled.

# CONCLUSION

It is respectfully submitted that all things are regular and the conviction should be affirmed.

DEVON ANDERSON
District Attorney
Harris County, Texas

/s/ Eric Kugler
ERIC KUGLER
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 755-5826
kugler_eric@dao.hctx.net
TBC No. 796910

## CERTIFICATE OF SERVICE AND COMPLIANCE

This is to certify that: (a) the word count function of the computer program used to prepare this document reports that there are 1,590 words in it; and (b) a copy of the foregoing instrument will be served by efile.txcourts.gov to:

Nicole DeBorde
Attorney at Law
712 Main Street, Suite 2400
Houston, Texas 77002
Nicole@BSDLawFirm.com

/s/ Eric Kugler
ERIC KUGLER
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002-1923
(713) 755-5826
TBC No. 796910

Date: January 13, 2015

6